O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

EVALYN HOPPER,            )  Case No. CV 10-5387 RNB
                      )
            Plaintiff,   )
                      )  ORDER AFFIRMING DECISION OF
         vs.          )  COMMISSIONER
                      )
MICHAEL J. ASTRUE,      )
Commissioner of Social Security,  )
                      )
           Defendant.  )
                      )

_____

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

As to Disputed Issue No. 1, for the reasons stated by the Commissioner (see Jt Stip at 7-10), the Court finds and concludes that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to properly consider

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

whether plaintiff met and/or equaled Listing 1.04. Indeed, the Court deems plaintiff's failure to even reply to the Commissioner's contentions as a concession to the correctness of the Commissioner's position. Moreover, under Social Security Ruling[2] 96-6p, the ALJ is permitted to assume from the signature of a State agency physician on a Disability Determination and Transmittal Form that "consideration has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review." Here, the record before the ALJ included Disability Determination and Transmittal Forms from a State agency physician. (See AR 38, 39.)[3]

As to Disputed Issue No. 2, the Court concurs with the Commissioner that reversal is not warranted based on the ALJ's alleged failure to make proper credibility findings and properly consider plaintiff's subjective symptoms. Although the medical evidence of record here established the presence of medically determinable physical impairments with which some pain ordinarily is associated, the existence of some pain does not constitute a disability, if the claimant is not thereby prevented from working. See Thorn v. Schweiker, 694 F.2d 170, 171 (8th Cir. 1982)("A showing that [claimant] had a back ailment alone would not support a finding that she was disabled unless the limitations imposed by the back ailment prevented her from engaging in substantial, gainful activity."); see also Adams v. Flemming, 276 F.2d 901, 904 (2d Cir. 1960); Thedorf v. Califano, 440 F. Supp. 1328, 1334 (N.D. Cal. 1977).

An ALJ's assessment of pain severity and claimant credibility is entitled to

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

[3] Although the copies of the Forms included in the Administrative Record do not contain the State agency physician's signature, the Court has no basis for believing that the originals were not properly executed in accordance with current rules and practices.

"great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Where the ALJ finds a claimant's subjective complaints not credible, the ALJ must make specific findings which support the conclusion. See Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988) (citations omitted). Here, the ALJ did make specific findings in support of his adverse credibility determination. His principal rationale was the absence of any evidence that plaintiff sought treatment for her back or any other condition between 2004 (when she alleged her disability began) and 2007. (See AR 13, 14.) The ALJ also cited the conservative treatment that plaintiff had received for her back pain and sleep apnea. (See AR 14.) Both of these reasons constituted appropriate bases for discounting plaintiff's subjective symptom testimony. See, e.g., Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may properly rely on failure to seek treatment); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on lack of treatment); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on failure to pursue treatment); Flaten v. Secretary of Health & Human Svcs., 44 F.3d 1453, 1464 (9th Cir. 1995) (ALJ may properly rely on minimal medical treatment for back pain); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989) (ALJ may properly rely on the unexplained or inadequately explained failure to seek treatment).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: May 24, 2011

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

3